UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHIDI GAMAL SMITH,

                      Petitioner,

-against-

BRONX COUNTY SUPREME COMMISSIONER C. CARTER; L. MAGINLEY,

                      Respondents.

25-CV-3107 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

      Petitioner Rashidi Gamal Smith, who is currently held in the George R. Vierno Center on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. By Order dated May 16, 2025, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 5.) For the reasons set forth below, the Court denies the petition without prejudice.

**STANDARD OF REVIEW**

      A state pretrial detainee may challenge the legality of his detention in a petition for a writ of *habeas corpus*, on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and to "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the [petition] that the . . . person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

      The Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal

quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (noting that the obligation to construe *pro se* pleadings liberally extends to the review of *habeas corpus* petitions). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner challenges his ongoing criminal proceeding in the New York State Supreme Court, Bronx County. Specifically, Petitioner alleges that: (1) he was denied the right to testify before the grand jury; (2) he was arrested without probable cause; and (3) Respondents applied "improper guidelines" to his case and erroneously "calculated or credited" his time in custody. (ECF No. 1 at 2, 6, and 7.) Petitioner seeks a "complete exoneration or dis[]missal of all or any charges pending." (*Id.* at 8.)

## DISCUSSION

**A.    *Habeas Corpus* Relief**

Petitioner seeks relief in his state court criminal proceeding. In some circumstances, a state pretrial detainee may challenge the constitutionality of his detention in federal court, in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (collecting cases). A Section 2241 petition cannot, however, be used to "derail[] a pending state proceeding by . . . attempt[ing] to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638, 2011 WL

3162675, at *1 (E.D.N.Y. 2011) (noting that federal *habeas corpus* is not to be converted into a "pretrial motion forum for state prisoners" (quoting *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982))).

Before seeking *habeas corpus* relief under Section 2241, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*

In order to exhaust his available state court remedies, Petitioner must seek *habeas corpus* relief in the New York State courts and, if necessary, appeal all the way up to the New York Court of Appeals, New York State's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq*. A petitioner who has not exhausted available state court remedies generally may seek a writ of *habeas corpus* in federal court only if he: (1) establishes cause for the failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Robinson*, 2012 WL 1965631, at *2 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Because Petitioner does not allege facts showing that he has exhausted his state court remedies or that exhaustion should be excused, the Court denies his petition without prejudice.

3

B.     *Younger* Abstention

Even if Petitioner had exhausted his state court remedies, the Court cannot intervene in his pending state court criminal proceeding. In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *Id.* at 53-54; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a . . . pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-87 (2d Cir. 2025) ("The *Younger* abstention doctrine embodies the longstanding public policy against federal court interference with state court proceedings." (internal quotation marks and citation omitted)).

Bad faith or harassment exists when the party bringing the state court action has "no reasonable expectation of obtaining a favorable outcome." *Homere v. Inc. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Dougal v. Lewicki*, No. 23-CV-1167, 2023 WL 6430586, at *9 (N.D.N.Y. Oct. 2, 2023) (holding that plaintiff's claim that "his neighbors' complaints which led to the charges were false" was "insufficient" to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state court matters") (citing *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022))), report and recommendation adopted, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023); *DeMartino v. N.Y. State Dep't of Labor*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that plaintiff's allegations that the state

4

administrative charges against him were based on defendant's false statements did not "serve as the factual predicate for a plausible finding of bad faith").

Here, Petitioner has asserted no facts showing bad faith, harassment, or irreparable injury with respect to his pending state court criminal proceeding. The Court therefore declines to intervene in that proceeding and denies the Section 2241 petition under the doctrine of *Younger* abstention.

### C.   Leave to Amend Is Denied

District courts generally grant a *pro se* petitioner an opportunity to amend a petition to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258(2d Cir. 2002). Because Petitioner cannot cure the defects in his petition with an amendment, the Court declines to grant Petitioner leave to amend.

### CONCLUSION

The Court denies Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2241 and dismisses this action without prejudice due to Petitioner's failure to show that he has exhausted available state court remedies and based on the doctrine of *Younger* abstention.

Because Petitioner has not made a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   September 2, 2025
        New York, New York

                                                  /s/ KIMBA M. WOOD
                                                   KIMBA M. WOOD
                                            United States District Judge